Gresn, J.
delivered the opinion of the court.
The bond upon which this suit was brought, was executed by the defendants to Wm. Carroll, Governor of Tennessee, and his successors in office, in the penal sum of $10,000, conditioned that T. C. Porter, who had that day been appointed sheriff of Giles county, should faithfully 'execute and perform the duties of that office.
The evidence is, that this bond was written by 'the deputy clerk of the county court, and was signed by the defendants in the office of the clerk of that court, and left upon the table, from whence it was taken by said deputy, and filed away among the papers of that office where it had remained, except when it had been applied for and used by attorneys, in this case and in other cases against these defendants. Porter was qualified and acted as sheriff, and *492 as such received an execution in favor of Foley against Field, upon which he received the money, but had failed to pay it over, or return the fi.fa.
This was not an office bond according to the statute, because the penalty- is ten thousand dollars, instead of twelve thousand dollars, as required by the statute, and because it was not approved and recorded as the statute directs. It has been decided by this court (10 Yerg. Rep. 465,) and is admitted, that a bond executed by a public officer, and securities, though good as a statutory bond, may, nevertheless, be binding as a voluntary obligation, upon which an action at common law may be maintained. 3 Dev. Rep. 384: 4 do. 270.
The .only question seriously urged in this case, is as to the delivery of this bond. If a deed be delivered to a stranger for the use of the obligee, and he afterwards receive it, it is good from the time of the delivery to the stranger. Sheppard’s Touchstone, 57-58: Coke, 225, note w. If a bond be accepted by the obligée at the time of the plea, it is the deed of the obligors. 3 Rep. 28. 5 do. 119. In this case, the bond was executed by the plaintiffs in error, under the belief and persuasion, that it was a good statutory bond, and consequently, with the intention, that it should be kept for the use of Carroll, to be sued on, as an office bond. As to the actual fact of such intention, no one can doubt. But if it turn out that they were mistaken, that it was not a valid office bond, can that legal construction of the instrument change the fact of their intention in its execution and delivery? Surely not. The facts are immutable, however parties may be mistaken as to legal consequences.
The .only question then is, has Carroll received it? We think the commencement of the suit on the bond, and the production of it in court by the attornies of the plaintiff, is sufficient evidence,pri-ma facie, of his acceptance; and that therefore at the time of the plea pleaded, the obligee had received the bond.-
In 3 Dev. N. C. Rep. 384, it is held that a delivery of such a bond as this to the clerk is sufficient, unless the obligee refuse it. In 4 Dev. N. C. Rep. 271), the same doctrine is reiterated, and indeed all the cases in our court, necessarily affirm the same thing. For, although the point was not made directly, yet it was necessarily involved, as in no case was there proof of an actual consent to receive the bond by the obligee.
*493 But counsel insist, that in all these cases the bonds were delivered according to the directions of the statute. A compliance with the forms of the statute, upon this point, can make no difference, as they were not statutory bonds; the circumstances attending their execution were only evidence of the intention of the obligors in making them, and we have seen that the intention of the obligors in this case, is as clearly shown as though all the forms of the statute had been complied with. So that the evidence of reception by the obligee is as strong in this case as in any one of the cases heretofore decided upon this subject. Let the judgment be affirmed.